UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | : | |
|---|---|---|
| JEAN KARLO CONQUISTADOR, | : | |
| Plaintiff, | : | No. 3:19-cv-430 (KAD) |
| | : | |
| v. | : | |
| | : | |
| ADAMAITIS, | : | |
| Defendant. | : | |
| | : | |

# INITIAL REVIEW ORDER

**Preliminary Statement**

Plaintiff, Jean Karlo Conquistador ("Conquistador"), currently confined at Garner Correctional Institution in Newtown, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. Conquistador asserts claims for deliberate indifference to safety and failure to protect him from harm as well as retaliation against one defendant, Lieutenant Adamaitis. Conquistador seeks damages and declaratory relief against defendant Adamaitis in his individual and official capacities. The complaint was received on March 22, 2019, and Conquistador's motion to proceed *in forma pauperis* was granted on April 10, 2019.

**Standard of Review**

Under section 1915A of title 28 of the United States Code, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the Court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se*

litigants). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

**Allegations**

On July 2, 2018, at Hartford Correctional Institution, Conquistador told Lieutenant Adamaitis that gang members had threatened to attack him as soon as his cell door was opened. Doc. No. 1, ¶ 1. Conquistador asked to be moved to a different cell.for his own safety. *Id.*, ¶ 2. In response, Lieutenant Adamaitis stated "we're all men here," and walked away. *Id.*, ¶ 3.

A short time later, an inmate entered Conquistador's cell, stabbed him in the head, and punched him numerous times. *Id.*, ¶ 5. An officer escorted Conquistador to the medical unit where medical staff members treated his injuries. *Id.*, ¶ 6. Mental health staff placed Conquistador on suicide watch. *Id.*, ¶ 7.

On July 3, 2018, mental health staff discharged Conquistador to general population. *Id.*, ¶ 8. Later that day, Conquistador questioned Lieutenant Adamaitis about his decision not to transfer him to a different housing unit for his safety. Lieutenant Adamaitis stated that he did not like Conquistador because Conquistador had filed lawsuits against the Department of Correction in the past. *Id.*, ¶ 9. Lieutenant Adamaitis refused to answer any other questions and told Conquistador to "get the f*** out of [my] face." *Id.*, ¶ 10.

**Discussion**

**Deliberate Indifference to Risk of Harm/Safety and Failure to Protect**

As Conquistador was not sentenced until October 2018, he was a pretrial detainee in July 2018, when the alleged events occurred.[1] Thus, he properly brings his deliberate indifference and failure to protect claim under the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (rights of pretrial detainees are considered under the Fourteenth Amendment while rights of sentenced prisoners are considered under the Eighth Amendment). To state a claim for deliberate indifference to safety or failure to protect from harm, Conquistador must allege facts satisfying two elements. He must show that he suffered a sufficiently serious constitutional deprivation and that Lieutenant Adamaitis acted with deliberate indifference. *See Christian v. Warden of O.B.C.C.,* No. 17 Civ. 2587 (GBD)(BCM), 2018 WL 1441401, at *2 (S.D.N.Y. Mar. 22, 2018).

In *Kingsley v. Hendrickson*, ___ U.S. ___, 135 S. Ct. 2466, 2473 (2015), the Supreme Court held that a pretrial detainee's claim for use of excessive force, the officer's conduct is assessed using only an objective standard. In *Darnell*, the Second Circuit held that the reasoning from *Kingsley* should be applied to other inmate claims, to include claims of deliberate indifference to safety or failure to protect from harm. 849 F.3d at 35 & 33 n.9; *see also, e.g., Hodge v. City of New York*, No. 19-CV-2474(CM), 2019 WL 1455170, at *2 (S.D.N.Y. Apr. 1, 2019) (applying *Darnell* to claim for deliberate indifference to risk of harm claim). Accordingly, "a pretrial detainee must prove that the defendant acted intentionally to impose the alleged

---

[1] *See* www.ctinmateinfo.state.ct.us/detailsupv.asp?id_num=341088 (last visited Apr. 11, 2019).

condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that condition imposed an excessive risk to health or safety. *Id.* at 35.

Conquistador alleges that he told Lieutenant Adamaitis about the threat to attack him. In response, Lieutenant Adamaitis refused to move Conquistador to another housing unit and did nothing to ensure his safety. Conquistador has sufficiently alleged that Lieutenant Adamaitis was aware that other inmates posed a serious risk of harm to Conquistador and recklessly failed to act with reasonable care to mitigate the risk of harm. The Fourteenth Amendment claims for deliberate indifference to risk of harm/safety or failure to protect will proceed against Lieutenant Adamaitis.

**Retaliation**

Conquistador also alleges that Lieutenant Adamaitis retaliated against him. To state a retaliation claim, Conquistador must allege facts showing that (1), he engaged in protected speech or conduct; "(2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Burns v. Martuscello*, 890 F.3d 77, 84 (2d Cir. 2018) (internal quotation marks and citations omitted).

Conquistador alleges that Lieutenant Adamaitis admitted he had refused to move Conquistador to another cell for his safety because Conquistador had filed lawsuits against the Department of Correction. Filing lawsuits is protected activity. *See Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996) (seeking redress of grievances in judicial or administrative forum is protected activity). As Conquistador has allege facts supporting all three elements of a retaliation claim, that claim also will proceed against Lieutenant Adamaitis.

4

**Request for Relief**

Conquistador states that he seeks declaratory and injunctive relief in addition to damages. He does not specify whether he seeks damages from Lieutenant Adamaitis in his individual or official capacity. The Eleventh Amendment bars claims for damages against state officials in their official capacities unless the state has waived this immunity or Congress has abrogated it. *Kentucky v. Graham*, 473 U.S. 159, 169 (1995). Section 1983 does not abrogate state sovereign immunity, *Quern v. Jordan*, 440 U.S. 332, 343 (1979), and Conquistador has alleged no facts suggesting that Connecticut has waived this immunity. Accordingly, all claims for damages against Lieutenant Adamaitis in his official capacity are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

Conquistador references injunctive relief in his jurisdictional statement but seeks no injunctive relief in this action. He does seek a declaration that the actions he describes violated his rights. Declaratory relief operates prospectively. It is intended to enable parties to adjudicate claims before either party suffers significant damage. *Orr v. Waterbury Police Dep't*, No. 3:17-cv-788(VAB), 2018 WL 780218, at *7 (D. Conn. Feb. 8, 2018) (citations omitted). In *Orr,* the court dismissed the request for declaratory relief because the relief related only to past actions; the plaintiff had not identified any legal issue that could be resolved by declaratory relief. *Id.*

Conquistador seeks declaratory relief related to the actions alleged in the complaint. These actions occurred in 2018. As he seeks declaratory relief relating to past actions, his request is not cognizable and is dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

**Orders**

For all the foregoing reasons, all claims against Lieutenant Adamaitis in his official

capacity, including the request for declaratory relief, are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b). The case will proceed on Conquistador's Fourteenth Amendment claim for deliberate indifference to safety or failure to protect and his First Amendment retaliation claim against Lieutenant Adamaitis in his individual capacity.

The Court enters the following additional orders:

(1)  **The Clerk shall** verify the current work address for defendant Adamaitis with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at the address provided within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(2)  T**he Clerk shall** send Conquistador a copy of this Order.

(3)  **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(4)  The defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above. He also may include all additional defenses permitted by the Federal Rules.

(5)  Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need

not be filed with the court.

(6) All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(7) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8) If Conquistador changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Conquistador must give notice of a new address even if he is incarcerated. Conquistador should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Conquistador has more than one pending case, he should indicate all the case numbers in the notification of change of address. Pena should also notify the defendants or the attorney for the defendants of his new address.

(9) Conquistador shall utilize the Prisoner Efiling Program when filing documents with the court. Conquistador is advised that the Program may be used only to file documents with the court. As local court rules provide that discovery requests are not filed with the court, discovery requests must be served on defendants' counsel by regular mail.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of April 2019.

                                           /s/*Kari A. Dooley*
                                           Kari A. Dooley
                                           United States District Judge