# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN KARLO CONQUISTADOR, | : | |
|     Plaintiff, | : | |
| | : | No. 3:19-cv-430 (KAD) |
| v. | : | |
| | : | |
| ADAMAITIS, | : | |
|     Defendant. | : | |
| | : | |
| | : | |

## ORDER ON PENDING MOTIONS

The plaintiff, Jean Karlo Conquistador ("Conquistador"), has filed three motions relating to discovery matters and one miscellaneous motion.

**Motion to Determine Sufficiency [ECF 39]**

Pursuant to Rule 36(a)(6), Conquistador has filed a motion asking the Court to determine the sufficiency of the defendant's responses to his requests for admission. He contends that responses to requests 7, 8, 9, 10, 11, 12, 13, 23, 24, 25, 26, 31, 34, 35, 37, 39, and 40 do not comply with Federal Rule of Civil Procedure 36(a)(4).

    Rule 36(a)(4) provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Conquistador contends that the defendant's responses are vague and fail to state that defendant Adamaitis made a reasonable inquiry and that the information needed to respond is not readily obtainable.

**Requests 7- 11**

In each of these requests, Conquistador asks defendant Adamaitis, in one form or another to admit that Conquistador told him of a threatened assault and asked to be moved to a different housing unit. Defendant Adamaitis consistently denies that Conquistador reported a threat or asked to be moved to a different housing unit. Doc. No. 39 at 7-8. As defendant Adamaitis denies that the conversation occurred, his denials are adequate.

**Requests 12 & 13**

In Requests 12 and 13, Conquistador asks defendant Adamaitis to admit that surveillance footage shows defendant Adamaitis standing outside Conquistador's cell between 4:00 p.m. and 5:00 p.m. on July 2, 2018, the day of the incident underlying the complaint, and that Correctional Officer Jenkins is depicted standing next to defendant Adamaitis during that time. Doc. No. 39 at 8. Defendant Adamaitis states that he lacks sufficient knowledge to respond to the request because surveillance footage was preserved only for the period from 4:44 p.m. thought 5:15 p.m., the time of the incident. The preserved footage does not depict these events. As the relevant footage no longer exists, defendant Adamaitis' responses to requests 12 and 13 are sufficient.

**Requests 23 & 24**

In these requests, Conquistador asks defendant Adamaitis to admit that Conquistador was placed on suicide watch on July 2, 2018 and released from Hartford Correctional Center's mental health unit on July 3, 2018. Defendant Adamaitis states he lacks sufficient knowledge to respond to the specific dates. He does admit that Conquistador was placed on suicide watch and

then released from the mental health unit at some time following the July 2, 2018 incident. Doc. No. 39 at 11.

"When assessing the sufficiency of a party's responses, a court considers whether the response meets the substance of the request and whether any qualifications are demanded by, and made in, good faith." *Boudreau v. Smith*, No. 3:17-cv-589(SRU), 2019 WL 3973997, at *2 (D. Conn. Aug. 22, 2019) (quoting *Wiwa v. Royal Dutch Petroleum Co.*, Nos. 96 Civ. 8386(KMW)(HBP), 01 Civ. 1909(KMW)(HBP), 2009 WL 1457142, at *5 (S.D.N.Y. May 26, 2009) (internal quotation marks omitted)). Defendant Adamaitis has admitted that Conquistador was placed on suicide watch and later released from the mental health unit. Although Conquistador is correct that defendant Adamaitis does not state that he made a reasonable inquiry regrading this information or that he cannot readily obtain information, to enable him to admit or deny the request, the Court considers the response sufficient to address the substance of the request, confirmation that Conquistador was placed on suicide watch for a short time following the incident.

**Requests 25 & 26**

In these requests, Conquistador asks defendant Adamaitis to admit statements made by Adamaitis to Conquistador and vice versa. Defendant Adamaitis denies that either statement was made. Doc. No. 39 at 11. These responses are sufficient.

**Request 31 & 34**

In request 31, Conquistador asks defendant Adamaitis to admit that Conquistador "was stabbed in the head moments after Defendant Adamaitis moved away from Plaintiff's cell (W1-11 cell)." Doc. No. 39 at 12. In request 34, he asks defendant Adamaitis to admit that he "was

3

not moved to another housing unit after having reported the threats made by several inmates Defendant Adamaitis." *Id.* at 13. In earlier requests, defendant Adamaitis denied speaking to Conquistador at his cell immediately before the assault or being informed of any threats.

Requests for admission must be set forth "simply, directly, not vaguely or ambiguously, and in such a manner that they can be answered with a simple admit or deny without explanation, and in certain instances, permit a qualification or explanation for purposes for clarification." *Bourdrau*, 2019 WL 3973997, at *1 (quoting *Henry v. Champlain Enters., Inc.*, 212 F.R.D. 73, 77 (N.D.N.Y. 2003) (internal quotation marks omitted)). These requests presuppose certain facts which Adamaitis has repeatedly denied. Thus, he denied these requests as well. In light of the previous denials of any conversation or report of threats, these responses are sufficient.

**Requests 35 & 37**

In these requests, Conquistador asks Adamaitis to admit that photographs were taken inside cell 11 in W1 unit after the assault. Adamaitis denied that such photographs were taken. Request 37 asks Adamaitis to admit that photographs of bloodstained clothing were taken as evidence in connection with the assault. Adamaitis denied that any such photographs were taken. This is sufficient.

**Requests 39 & 40**

Conquistador asks defendant Adamaitis to admit that he has been diagnosed with PTSD and currently takes psychotropic medication for this condition. Defendant Adamaitis states that he lacks knowledge about Conquistador's diagnosis and medication. Again, Adamaitis does not state that he made a reasonable inquiry regrading this information or that he cannot readily obtain information. However, this information would be contained in Conquistador's medical

4

file which would not generally be available to a correctional officer. Under these circumstances, the responses are sufficient.

**Motion to Expedite [ECF 46]**

Conquistador asks the Court to expedite the ruling on his motion for reconsideration of the order denying his request for appointment of counsel. The Court denied Conquistador's motion for appointment of counsel on July 19, 2019. A review of the docket reveals no motion for reconsideration filed after that date. Accordingly, Conquistador's motion is denied as no relief may be afforded.

**Motion to Direct [ECF 47]**

Conquistador asks the court to order agents from the Federal Bureau of Investigation to investigate why the correctional employees do not preserve video surveillance evidence in accordance with correctional policies. The Court is an impartial arbiter of disputes between the parties. It is not an advocate for litigants appearing before it and does not conduct investigations on their behalf. *See Jones v. Howard*, No. , 2015 WL 4755751, at *5 (D. Conn. Aug. 11, 2015) (citing *United States v. Christy*, 883 F. Supp. 2d 1040, 1055 (D.N.M. 2012) ("American federal courts are not independent, free-standing investigative entities.")). Nor does this court have the authority to direct the FBI, a non-party, to conduct such an investigation. The motion is denied.

**Motion to Compel [ECF 48]**

Conquistador filed a motion to compel defendant Adamaitis to confer with him regarding depositions. He states that he sent counsel a notice of deposition but has not received a response. Defense counsel filed an objection in which he asserts that he never received any Notice of Deposition. In any event, Rule 37 contains no provision to compel counsel to confer with

5

Conquistador. Accordingly, his motion is denied. However, if Conquistador sends a letter to defense counsel seeking dates on which counsel is available and a deposition might be noticed, the court is confident he will get a response.

**Conclusion**

Conquistador's motions to direct [**Doc. No. 47**] and compel [**Doc. No. 48**] are **DENIED**. His motion to expedite [**Doc. No. 46**] is **DENIED** as moot.

Conquistador's motion to determine sufficiency [**Doc. No. 39**] is **GRANTED**. The Court concludes that the responses identified in the motion are sufficient.

**SO ORDERED** at Bridgeport, Connecticut, this 19th day of September 2019.

/s/
Kari A. Dooley
United States District Judge