# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEAN KARLO CONQUISTADOR, | : | |
| Plaintiff, | : | No. 3:19-cv-430 (KAD) |
| | : | |
| v. | : | |
| | : | |
| ADAMAITIS, | : | |
| Defendant. | : | |

## ORDER ON MOTIONS

**Preliminary Statement**

Plaintiff, Jean Karlo Conquistador ("Conquistador"), currently confined at Bridgeport Correctional Center in Bridgeport, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983 against the defendant, Lieutenant Adamaitis. Conquistador asserts claims of deliberate indifference to safety, failure to protect him from harm, and retaliation.

On October 24, 2019, the Court entered orders denying, inter alia, Conquistador's motions to compel and for status conference. Doc. Nos.64, 66. The same day, Conquistador filed another motion to compel. He has also since filed another motion for status conference; a motion for permission to serve additional discovery requests on the defendant, and a motion to serve discovery requests on a non-party. Finally, Conquistador seeks an extension of time to file an amended complaint.

**Motion for Status Conference [ECF 73]**

In the order denying Conquistador's previous motion for status conference, the Court determined that a status conference was not necessary at that time and stated that the Federal Rules of Civil Procedure are adequate to address any discovery issues that may arise. Doc. No. 63. In this motion, filed four days after the Court's Order, Conquistador again asserts that there

are discovery disputes which require a conference. The court disagrees. The motion for status conference is denied, again.

**Motion to Compel**

In the order denying Conquistador's prior motion to compel, the court noted that Federal Rule of Civil Procedure 37(a) requires the parties to confer in good faith to resolve discovery disputes before seeking court involvement. The court denied the motion because Conquistador failed to provide a certification that he had conferred with defendant's counsel in good faith. Doc. No. 66.

In his current motion, Conquistador argues that he did confer in good faith because he spoke to counsel before filing his discovery requests seeking permission to serve a second set of requests on the defendant. Counsel stated that he would object to the requests. Doc. No. 70. However, this conversation has little bearing on the dispute regarding the Defendant's answers to previously served discovery, which appear to be the subject of the motion to compel. An intention to object to future discovery is not a meet and confer on outstanding discovery. The parties must confer regarding the objections made or the adequacy of the answers provided and they must attempt to resolve or clarify outstanding issues. *See Acosta v. Puccio*, No. 3:18-cv-532(MPS), 2019 WL 2098317, at *3 (D. Conn. May 14, 2019) (before involving the court, the parties are required to confer and make "a good faith effort to eliminate or reduce the area of controversy"); *Ruffino v. Faucher*, No. 3:11-cv-297(VLB), 2012 WL 3637636, at *2 (D. Conn. Aug. 22, 2012) (denying motion to compel because, in response to objections to discovery request, prisoner failed to narrow the requests in time or scope, or adequately respond to defendants' objection that release of information would jeopardize institutional safety and

security). As Conquistador has not conferred with counsel in good faith to resolve the discovery dispute at issue in his motion to compel, the motion is denied.

**Motion to Serve Additional Discovery Requests on Defendant [ECF 74]**

Conquistador seeks leave to serve additional discovery requests on the defendant. Although Conquistador titles his motion as seeking leave to serve a second set of discovery requests, the court notes that Conquistador has already served two sets of interrogatories and requests for production in addition to requests for admission on the defendant. The defendant has objected to many of the second set of interrogatories on the ground that Conquistador has served more than the 25 interrogatories, including discrete subparts, permitted under Federal Rule of Civil Procedure 33(a)(1).

Conquistador does not attach proposed discovery requests or indicate what additional information he seeks. Thus, the court cannot determine whether additional discovery requests should be permitted. Conquistador's motion is denied without prejudice to refiling with the necessary information or attachments.

**Motion to Serve Discovery Requests on Non-Party [ECF 76]**

Conquistador seeks leave of court to serve discovery requests on a non-party. The Federal Rules of Civil Procedure provide that requests for production, interrogatories, and requests for admission may be served only on parties. *See* Fed. R. Civ. P. 33 (interrogatories), 34(a) (requests for production), 36(a)(1) (requests for admission). As service of these discovery requests on non-parties is not permitted, Conquistador's motion is denied.

If Conquistador seeks information from a non-party, he may do so through a deposition by oral or written questions pursuant to, and in accordance with the requirements of, Federal Rules of Civil Procedure 30 and 31.

**Motion for Extension of Time [ECF 75]**

Conquistador seeks an extension of time to file an Amended Complaint. The defendant filed his answer on June 14, 2019. Doc. No. 15. Thus, the time within which Conquistador could amend his complaint as of right has passed. *See* Fed. R. Civ. P. 15(a)(1)(B) (party may amend as of right only within 21 days after service of the answer). A review of the docket shows no order granting leave to amend and setting a deadline for the amended complaint to be filed. Conquistador's motion is therefore moot.

If Conquistador wishes to amend his complaint, he must file a motion for leave to amend explaining his reasons for amending the complaint and he must submit a proposed amended complaint with his motion. There is no time limit for filing such a motion though the timing of the motion may impact whether leave is given.

**Conclusion**

Conquistador's motions for status conference [**Doc. No. 73**], to compel [**Doc. No. 70**], to serve additional discovery requests on defendant [**Doc. No. 74**], to serve discovery requests on non-party [**Doc. No. 76**], and for extension of time [**Doc. No. 75**] are **DENIED**.

The defendant is directed to respond to Conquistador's motion for court intervention [**Doc. No. 71**] on or before November 19, 2019.

**SO ORDERED** at Bridgeport, Connecticut, this 6th day of November 2019.

/s/
Kari A. Dooley
United States District Judge