# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JEAN KARLO CONQUISTADOR, | : | |
| Plaintiff, | : | No. 3:19-cv-430 (KAD) |
| | : | |
| v. | : | |
| | : | |
| ADAMAITIS, | : | |
| Defendant. | : | |

## ORDER ON PENDING MOTIONS

**Preliminary Statement**

Plaintiff, Jean Karlo Conquistador ("Conquistador"), currently confined at Bridgeport Correctional Center in Bridgeport, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. Conquistador asserts claims for deliberate indifference to safety and failure to protect him from harm as well as retaliation against one defendant, Lieutenant Adamaitis.

Pending are Conquistador's second motion for reconsideration, and motions for court intervention, for permission to serve interrogatories, for oral argument, to strike deposition, for extension of discovery, for appointment of counsel, for video conference, and to compel. For the following reasons, Conquistador's motions are denied.

**Motion for Intervention**

Conquistador states that his counselor has told him that double-sided documents cannot be electronically filed and that he is being charged photocopy fees when he submits a document for electronic filing. Conquistador also complained that he has observed correctional officers using cell phones. He asks the court to intervene and prohibit these practices.

In response, the defendants explain that the photocopy machines cannot scan and electronically file double-sided documents. The charges were for copies of the back sides of the pages to enable correctional staff to scan and electronically file the plaintiff's document with all pages in order. Conquistador was advised that there was no charge for electronic filing and that he could avoid the copy charges if he submitted single-sided documents for filing. In addition, Warden Martin, the warden at the correctional facility where Conquistador is incarcerated, has intervened and ordered that Conquistador's documents, even if double-sided, be electronically filed without charging him for the extra copies. Thus, this issue has been resolved and court intervention is not needed.

As to the use of cell phones by correctional staff, Conquistador has no right to enforce correctional employment policies. To the extent he believes the use of cell phones by a correctional officer has an impact on him, Conquistador, per Warden Martin, may raise such issues through the appropriate chain of command. Federal courts are extremely reluctant to interject themselves into the day-to-day administration of state correctional facilities. *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 (1973) (explaining the reluctance of federal courts to interfere in state judicial proceedings applies equally to state administrative concerns, such as running correctional facilities). This court sees no reason to further address this issue. Conquistador's motion for court intervention is denied.

**Second Motion for Reconsideration**

Conquistador has filed a second motion for reconsideration of the order denying his motion for appointment of counsel. On July 19, 2019, the court denied Conquistador's motion for appointment of counsel without prejudice to refiling if he could demonstrate that he is unable

to obtain assistance from Inmates' Legal Aid Program and if the facts developed through litigation demonstrate that his claims have likely merit. Doc. No. 21. Although Conquistador titles this motion a second motion for reconsideration, he did not seek reconsideration of the denial of his motion for appointment of counsel. In any event, motions for reconsideration must be filed and served within seven days from the filing of the decision or order from which reconsideration is sought. D. Conn. L. Civ. R. 7(c)1. Conquistador filed this motion on November 20, 2019, four months after the order denying his motion for appointment of counsel. Conquistador's motion is denied as untimely.

**Motion for Permission to Serve Interrogatories**

Conquistador seeks permission to serve up to 100 interrogatories on defendant Adamaitis. The court previously denied Conquistador's motion to serve additional discovery requests on the defendant, noting that Conquistador had not attached proposed discovery requests or indicated what additional information he seeks. The court denied the motion without prejudice to refiling with the necessary information or attachments. Conquistador does not attach proposed interrogatories to his motion or describe what additional information he requires. As he has not complied with the court's directions, the motion for permission to serve additional interrogatories is denied.

**Motion for Oral Argument**

Conquistador seeks oral argument on his motion for appointment of counsel. As the court denied that motion in July 2019 and has denied his motion for reconsideration, oral argument is not necessary. Conquistador's motion is denied.

**Motion to Strike Deposition**

Conquistador moves to strike his deposition. He argues that he was unfairly required to participate in a deposition on November 5, 2019 without the assistance of counsel. But Conquistador has no constitutional right to counsel in a civil case. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989) (per curiam) (noting that there is no constitutional right to counsel in a civil case). Self-represented litigants are deposed regularly and frequently. This is not a basis upon which to nullify, strike or preclude use of his deposition testimony.

Further, motions to strike are governed by Federal Rule of Civil Procedure 12(f) which provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A deposition is not a pleading. *See Santiago v. Owens-Illinois, Inc.*, No. 3:05-CV-405(JBA), 2006 WL 3098759, at *1 (D. Conn. Oct. 31, 2006) (explaining that motions to strike "are only appropriately addressed to pleadings"). Pleadings are documents such as the complaint and answer so Rule 12(f) has no application. *See* Fed. R. Civ. P. 7(a). The motion to strike his deposition is denied.

**Motion for Extension of Discovery**

Conquistador seeks an extension of the discovery deadline until February 10, 2020.[1] He states that he is currently gathering funds to pay a court reporter to depose the defendant and that the court reporter will be paid by January 10, 2020. He also states that he is having difficulty obtaining discovery responses from non-party witnesses.

The defendant objects to the motion on the grounds that Conquistador has already served extensive discovery requests on the defendant and has received additional information under the

---

[1] Conquistador stated February 10, 2019 and January 10, 2019 in his motion. As that date has passed, the Court assumes he intended February 10, 2020 and January 10, 2020.

Initial Disclosure Order. The defendant also notes that, in September 2019, the court directed Conquistador to confer with counsel regarding deposition dates but he did not do so. Finally, the defendant notes that Conquistador does not indicate what additional information he seeks from a deposition. Conquistador has filed a reply but cites no law or facts addressing the defendant's objection.

The discovery period ended on November 11, 2019. *See* Initial Review Order, Doc. No. 10 at 7 (discovery shall be completed within seven months from April 11, 2019). Dispositive motions are due by January 24, 2020. Conquistador did not seek an extension of the discovery period before discovery closed. He did not comply with the court's order that he confer with counsel regarding possible deposition dates for the defendant, he does explain this failure and he does not explain his need for a deposition at this late juncture. Accordingly, Conquistador's motion to reopen discovery is denied.

**Emergency Motion for Appointment of Counsel**

Conquistador has filed an "emergency motion for appointment of counsel" in which he states that he incorporates all previously filed motions for appointment of counsel and all other relevant documents. Before the court will consider a motion for appointment of counsel, the indigent litigant must demonstrate that he is unable to obtain counsel. *Saviano v. Local 32B-32J*, 75 F. App'x 58, 59 (2d Cir. 2003) (quoting *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 173 (2d Cir. 1989)). The court denied the only other motion for appointment of counsel Conquistador filed in this case because he had not shown that he could not obtain legal assistance from Inmates' Legal Aid Program and because the court did not have an adequately developed record to determine whether Conquistador's claims possess likely merit. Doc. No. 21. Conquistador attached copies

5

of cases to his motion for reconsideration of the denial of his first motion for appointment of counsel but did not address the issues raised by the court in its initial order. As neither deficiency has been corrected, his motion is denied.

**Motion for Video Conference**

Conquistador asks the court to schedule a video conference to resolve discovery disputes. However, there are no substantive discovery disputes properly pending before the Court. His request is therefore denied at this time.

**Motion to Compel**

Conquistador has filed a motion to compel the defendant to produce copies of log book entries he made on July 2, 2018. The defendant objects to the motion to compel on the ground that it does not comply with Federal Rule of Civil Procedure 37.

As the court has explained to Conquistador on more than one occasion, Federal Rule of Civil Procedure 37(a) requires the parties to confer in good faith to resolve discovery disputes before seeking court involvement. *See* Doc. Nos. 66, 80. As Conquistador continues to ignore the court's instructions and again fails to include a certification of a good faith "meet and confer," his motion is denied. The court also finds the motion moot insofar as the Defendant has represented that the log book entries in question have been provided to Conquistador.

**Conclusion**

Conquistador's motions for court intervention [**Doc. No. 71**], for reconsideration [**Doc. No. 83**], for permission to serve additional interrogatories [**Doc. No. 84**], for oral argument [**Doc. No. 85**], to strike deposition [**Doc. No. 91**], for extension of discovery [**Doc. No. 95**], for appointment of counsel [**Doc. No. 97**], for video conference [**Doc. No. 100**], and to compel [**Doc.**

**No. 103**] are **DENIED**.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of January 2020.

/s/
Kari A. Dooley
United States District Judge